47 F.3d 1171
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas Ross FINCH, Defendant-Appellant.
 No. 94-5236.
 United States Court of Appeals, Sixth Circuit.
 Jan. 9, 1995.
 
 Before: KENNEDY and SILER, Circuit Judges; and CHURCHILL, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Ross Finch challenges the sufficiency of the evidence against him on multiple counts of money laundering[1] and cash transaction reporting violations,[2] and one count of structuring.[3] He also challenges the district court's instruction to the jury regarding the structuring offense.
 
 
 2
 For the reasons stated herein, we affirm defendant's conviction.
 
 I.
 
 3
 Walter Hoback, an agent with the Bureau of Alcohol, Tobacco and Firearms, learned from an Acura dealer in Memphis, Tennessee, of a suspicious attempted purchase of an Acura automobile. The Acura dealer indicated that J&R Auto ("J&R"), a used car dealership in Memphis, was involved. Upon speaking with Finch, a part-owner and operator of J&R, the agent learned that J&R expected to deliver the Acura to Anthony Nelson, Samuel Landers, and Joyce Ann Holliday that evening. In return for the Acura, these individuals planned to trade a GMC truck, pay $9,000.00 cash, and pay the remaining balance in a series of cashier's checks. Finch agreed to tape record the transaction that evening. After the transaction had occurred and the officers had arrested the individuals, however, the agents discovered that Finch had "accidentally" failed to record the meeting.
 
 
 4
 Nelson and Landers agreed to cooperate with the government. They admitted being drug dealers and using drug money to purchase a number of vehicles from J&R Auto with Finch's help. They used J&R because Finch assured them that they could pay for the vehicles with cash and not worry about the dealership's filing monetary reports that could implicate them. Finch worked out a deal with Nelson and Landers. Nelson or Landers could provide Finch the identification numbers from a car at another dealership and Finch would obtain the vehicle. Nelson or Landers would then pay in cash, having a family member or friend sign the papers for them.
 
 
 5
 J&R's attorney had advised Finch that he was required to file 8300 forms with the government for any cash transaction over $10,000.00 and that the forms must include the names of the purchaser and the supplier(s) of cash. Finch filed 8300 forms in connection with the drug dealers' purchases. However, all but one form indicated only the nominee's name. The names of Nelson and Landers were not included, although they provided the money for the vehicles.
 
 
 6
 Russell Boxley, another known drug dealer, also purchased a vehicle from J&R using the same procedure. Boxley gave Finch cash for a Corvette and his son's grandmother signed the papers for the car. After receiving the money from Boxley, Finch purchased two cashier's checks from a teller at First American Bank. Finch initially gave the teller $9,500 for the check and told her that he would have to go to another bank to obtain a separate cashier's check for the rest of the cash. The teller told Finch that she could issue a separate check and Finch asked whether the bank would have to report the cash. The teller informed Finch that since each check was for less than $10,000, no forms were required. Finch then had the teller make out two checks.
 
 
 7
 Finch was convicted of four money laundering counts,[4] two 8300 counts, two lesser included offenses, and the structuring count.
 
 II.
 
 8
 A) Sufficiency of the Evidence.
 
 
 9
 In making a sufficiency of the evidence determination, this court decides "whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 10
 To establish a money laundering violation under 18 U.S.C. Sec. 1956(a)(1)(B)(i), the government must prove that: 1) defendant engaged in a financial transaction; 2) using funds derived from specified unlawful activity; 3) knowing that the funds represented a form of unlawful activity; and 4) knowing it was designed to conceal the true source or ownership of the proceeds. United States v. Moss, 9 F.3d 543, 551 (6th Cir. 1993). Finch contends that the evidence was insufficient to establish the last two elements.
 
 
 11
 As a general rule, knowledge must be inferred from circumstantial evidence as direct testimony often is not available. United States v. McDougald, 990 F.2d 259, 262 (6th Cir. 1993). The government, therefore, may establish knowledge from circumstantial evidence alone. Finch told the police, prior to the sales at issue, that he thought Nelson and Landers were drug dealers. He also knew that both Landers and Nelson were not working yet always paid cash for the vehicles. Furthermore, Nelson testified that Finch had asked him how much a kilogram of cocaine cost. Lastly, two J&R salesmen testified that they believed drug dealers were buying cars with large amounts of cash and knew that Nelson had been convicted for narcotics offenses. This evidence is sufficient to establish that Finch knew the cash represented drug proceeds.
 
 
 12
 Similarly, the government established in regard to the Boxley transaction that: 1) Finch told Boxley that Finch would "get the car and work it out so that [Boxley's] identity won't be shown on the Corvette"; 2) Finch knew that Boxley was unemployed and informed him to put the car in someone else's name who had a job; and 3) Boxley paid $23,000.00 in cash for the car. While it is true that mere association with a drug dealer is insufficient to support a money laundering conviction, McDougald, 990 F.2d at 262, the government established in the present case that Finch knew that the cash represented drug proceeds.
 
 
 13
 Regarding the fourth element, both Nelson and Boxley testified that they told Finch that they wanted to conceal the fact that they were buying the cars with cash so that the government would not know. In every instance except one, the drug dealers gave Finch the cash for the car but had someone else sign the papers. Also, Boxley testified that Finch told him that he would conceal the true owner of the car. A rational juror would find that Finch knew that the transactions were made to conceal the source of the funds.
 
 
 14
 To establish that Finch knowingly and wilfully filed forms 8300 containing omissions or false statements in violation of 26 U.S.C. Secs. 6050I and 7203, the government must prove that Finch, having a legal duty to file a form 8300, wilfully filed a form 8300 knowing it to contain inaccurate information. Finch disputes the wilfulness and knowledge elements. As proof of knowledge, the government offered the testimony of Nelson and Landers who stated that they gave Finch the cash for the vehicles, yet none of their names appeared on the forms. Moreover, Boxley testified that Finch advised Boxley to have someone who had a job sign for him. Finch did not include Boxley's name on that 8300 form also.
 
 
 15
 As proof of wilfulness, Finch's attorney testified that he advised Finch that Finch had a legal obligation to complete the forms. Indeed, Finch admitted on the stand that he knew that form 8300 required the names of all persons supplying cash for a transaction, even if they supplied the cash on behalf of the "purchaser," yet he failed to include the names of Nelson, Boxley and Landers. A rational jury could find that Finch wilfully submitted false information on the forms.
 
 
 16
 Finally, the elements of a structuring charge are: 1) defendant wilfully and knowingly structured a currency transaction; 2) with the purpose of evading the reporting requirements; 3) the transaction involved one or more domestic financial institution; and 4) the defendant knew that structuring was unlawful. Ratzlaf v. United States, 114 S.Ct. 655 (1994); United States v. Baydoun, 984 F.2d 175, 180 (6th Cir. 1993). Finch contends that insufficient evidence exists for the last two elements. Defendant's argument is unfounded. Susie Webb, the teller at the bank, testified that Finch specifically asked whether the bank would have to file the currency reporting forms if he obtained a second cashier's check, thereby showing purpose to evade. Also, a jury could infer wilfulness from Finch's knowledge that it is illegal not to file form 8300.
 
 
 17
 B) Adequacy of the Jury Instruction.
 
 
 18
 This court reviews jury instructions as a whole to determine whether they adequately inform the jury of the relevant considerations in the case. O-So Detroit, Inc. v. Home Ins. Co., 973 F.2d 498, 502 (6th Cir. 1992). If a party fails to specifically object to an instruction, this court reviews the instruction only for plain and prejudicial error. Libbey-Owens-Ford Co. v. Insurance Co. of North America, 9 F.3d 422, 428 (6th Cir. 1993).
 
 
 19
 The jury returned its verdict against Finch in July, 1993. In January, 1994, pending this appeal, the United States Supreme Court announced that the government must prove that a defendant knew that structuring was unlawful in order for a defendant to be guilty of structuring. Ratzlaf, 114 S.Ct. at 663. The district court had instructed the jury in the present case that a structuring charge requires, in part, proof that the defendant knowingly and wilfully structured or assisted in structuring the currency transaction. The district court then defined wilfulness as something done voluntarily and intentionally with the "specific intent to do something the law forbids .... with bad purpose either to disobey or disregard the law." Finch argues that this instruction was insufficient under Ratzlaf.
 
 
 20
 As defendant admits that he did not object to the instruction at trial, we review the instructions for plain error. Upon reviewing the instructions, we find that the district court did not commit plain error. While the instruction could have been more specific, the instructions, as a whole, fairly submitted the issues and applicable law to the jury. United States v. Martin, 740 F.2d 1352, 1361 (6th Cir. 1984).
 
 
 21
 AFFIRMED.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 18 U.S.C. Sec. 1956(a)(1)(B)(i)
 
 
 [2]
 26 U.S.C. Secs. 6050I and 7203
 
 
 [3]
 31 U.S.C. Sec. 5324(3)
 
 
 [4]
 The four counts are as follows: count one - Acura Legend, purchased by Nelson and Landers; count three - Chevrolet Camaro, purchased by Nelson; count five - GMC truck, purchased by Nelson; count ten - Chevrolet Corvette, purchased by Boxley